# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JEFFREY WRIGHT, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:17-cv-02464-JTF-cgc |
| ) | |
| TENN. DEP'T OF HEALTH OFFICE OF ) | |
| VITAL RECORDS, ) | |
| ) | |
|    Defendant. ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is the Report and Recommendation entered by the Magistrate Judge in the above-styled case. (ECF No. 6.) On July 3, 2017, Plaintiff filed his *pro se* Complaint (titled, "Notice of Appeal"), accompanied by his *pro se* Motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The matter was referred to the Magistrate Judge for management of all pretrial matters. On July 6, 2017, the Magistrate Judge issued a Report and Recommendation suggesting that the information in Plaintiff's *in forma pauperis* ("*IFP*") affidavit satisfies his burden of demonstrating that he is unable to pay the civil filing fee but that this Court should dismiss Plaintiff's Complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 6, 2–4.) The Magistrate Judge also recommended that this Court, pursuant to 28 U.S.C. § 1915(a)(3), certify that an *IFP* appeal by Plaintiff would not be taken in good faith and, thus, may not be taken. (*Id.* at 5.) On July 19, 2017, Plaintiff filed a document titled "Letter of Dispute and Request for Reconsideration for *In Forma Pauperis*", which the Court construes as Plaintiff's Objections to the Magistrate Judge's

Report and Recommendation. (ECF No. 7.) Plaintiff filed his Amended Complaint, on August 24, 2017, which the Court also construes as his Motion to Amend Complaint. (ECF No. 8.)

## I. FINDINGS OF FACT

Implicit in her Report and Recommendation, is the Magistrate Judge's determination that proposed findings of fact are not necessary in this case. *Compare* Fed. R. Civ. P. 72(b)(1), *with* ECF No. 6. Rather, the Magistrate Judge issued her Report and Recommendation based on Plaintiff's original Complaint and Motion seeking leave to proceed *IFP*, the factual circumstances surrounding both, and the applicable law. The Court, for purposes of its analysis, similarly incorporates the same as well as Plaintiff's "Letter of Dispute and Request for Reconsideration for *In Forma Pauperis*", (ECF No. 7), and Plaintiff's Amended Complaint. (ECF No. 8.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b), magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The district court may accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *Baker*, 67 F.

App'x at 310 (noting that a "district court normally applies a 'clearly erroneous or contrary to law' standard of review for non-dispositive preliminary measures" and a *de novo* standard for review of dispositive motions). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *IFP* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). LR 4.1(b). Courts must screen *IFP* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). To state a claim, courts hold as follows:

> [A] complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. A complaint must have enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Davidson v. Fed. Bureau of Prisons*, No. 17-5429, 2017 U.S. App. LEXIS 24272, at *6 (6th Cir. Nov. 29, 2017).

Courts must also remain conscious that *pro se* pleadings, though not free from basic pleading requirements, are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

### III. ANALYSIS

After analyzing Plaintiff's original Complaint, the Magistrate Judge recommends that this Court dismiss Plaintiff's original Complaint for failure to provide "a short plain statement of the

3

claim showing that the pleader is entitled to relief" pursuant to Fed. R. Civ. P. 8(a)(2) and failure to demand relief as required by Fed. R. Civ. P. 8(a)(3). Plaintiff did not lodge objections to either finding. Upon review of Plaintiff's Complaint, this Court agrees with the Magistrate Judge's conclusion that Plaintiff's Complaint should be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

The Magistrate Judge also recommends that this Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff may not appeal *IFP* because such an appeal would not be taken in good faith. (ECF No. 6, 5.) Plaintiff did not object to the recommendation. Under 28 U.S.C. § 1915(a)(3), "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The good faith standard is an objective one" and considers whether the litigant seeks appellate review of any nonfrivolous issue. *Beard v. Memphis, TN Crim. & Judicial Sys.*, No. 17-2184-STA-cgc, 2017 U.S. Dist. LEXIS 100175, at *8 (W.D. Tenn. June 16, 2017). Additionally, courts hold that it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant(s), while simultaneously finding that the claim has sufficient merit to support an appeal *IFP*. *Id.* at *9.

This Court agrees with the Magistrate Judge's conclusion that an *IFP* appeal by Plaintiff in the present matter would not be taken in good faith. Here, Plaintiff's original Complaint contains neither a short and plain statement of his claim showing that he is entitled to relief nor any demand for a specific form of relief. Thus, the same considerations that favor dismissal of Plaintiff's original Complaint also compel the conclusion that an appeal here would be frivolous and, thus, not taken in good faith. *See Beard*, 2017 U.S. Dist. LEXIS 100175, at *8.

4

Accordingly, this Court certifies, pursuant to 28 U.S.C. § 1915(a), that an *IFP* appeal by Plaintiff would not be taken in good faith and, thus, may not be taken.

Objections

The Court construes Plaintiff's *pro se* filing of his "Letter of Dispute and Request for Reconsideration for *In Forma Pauperis*" as his Objections to the instant Report and Recommendation. (ECF No. 7.) Nonetheless, the contention lodged in Plaintiff's Objections is moot. In his Objections, Plaintiff generally argues that the Magistrate Judge should have granted him *IFP* status. (*Id.*) Contrary to Plaintiff's assertion, however, the Magistrate Judge did, in fact, grant Plaintiff *IFP* status. (ECF No. 6, 2.) Thus, Plaintiff's Objections are overruled as moot. *See Harper v. United States DOJ*, No. 2:14-cv-02887-JTF-cgc, 2015 U.S. Dist. LEXIS 87399, at *6–7 (W.D. Tenn. July 6, 2017).

Motion to Amend Complaint

Since the filing of Plaintiff's original Complaint, Plaintiff filed an Amended Complaint. (ECF No. 8.) The Court construes the filing as both Plaintiff's Motion to Amend Complaint and his Amended Complaint. Under Fed. R. Civ. P. 15(a), a district court may allow a plaintiff to amend his complaint even when the complaint is subject to dismissal on initial screening under the Prison Litigation Reform Act ("PLRA"). *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Rule 15(a) states that a party may amend its pleading once as a matter of course within 21 days after serving it and in all other cases, the court should freely give leave when justice so requires. *See* Fed. R. Civ. P. 15(a); *see also LaFountain*, 716 F.3d at 951. For example, a motion to amend a complaint should be denied if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court finds that Plaintiff's Motion to Amend Complaint should be denied because allowance of the amendment would be futile. In his Amended Complaint, which appears to allege violations of the Freedom of Information Act ("FOIA"), Plaintiff attempts to fix insufficiencies in his original Complaint, as found by the Magistrate Judge. (*Compare*, ECF No. 6, 4, *with* ECF No. 8.) Nonetheless, Plaintiff's Amended Complaint fails to state a claim under the Freedom of Information Act ("FOIA") upon which relief may be granted and should be dismissed *sua sponte* as a result. The FOIA only applies to federal agencies, not state agencies. *Rimmer v. Holder*, 700 F.3d 246, 258 (6th 2012). Here, Plaintiff brings a claim under the FOIA against Defendant Tennessee Department of Health Office of Vital Records, otherwise known as the Tennessee Office of Vital Records. Defendant, however, is a division within the Tennessee Department of Health—a state agency. *See Baptist Hosp. v. Tenn. Dep't of Health*, 982 S.W.2d 339, 341 (Tenn. 1998). Thus, this Court finds that Plaintiff's Motion to Amend Complaint should be DENIED.

## IV. CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** this action, **CERTIFIES** that an appeal may not be taken *in forma pauperis* in the present matter because it would not be taken in good faith, and **DENIES** Plaintiff's Motion to Amend.

**IT IS SO ORDERED** on this 13th day of December 2017.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge
